UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLIE J. CAMPBELL | * | CIVIL ACTION NO. 12-1470 |
| **Plaintiff** | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * | |
| | * | |
| | * | MAGISTRATE: 2 |
| UNITED STATES DEPARTMENT | * | MAG. JOSEPH C. WILKINSON, JR. |
| OF THE NAVY | * | |
| **Defendant** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER AND REASONS

The matter before the Court is a Motion to Dismiss filed by the United States Department of Navy ("DON"). (Doc. 13.) For the following reasons the Motion is GRANTED and the instant matter is TRANSFERRED to the Southern District of Mississippi.

## BACKGROUND

Plaintiff, Charles Campbell ("Campbell"), alleges Defendant, the DON, on two occasions,

-1-

"denied the Plaintiff promotions on the basis of his race and color." (Doc. 1 at 3.) Plaintiff also alleges Defendant "retaliated against [Plaintiff] and denied [Plaintiff] promotional opportunities because of [Defendants] prior activities in opposition to discriminatory practices, including but not limited to filing of charges before the Equal Employment Opportunity Commission and the filing of a [prior] civil action."[1] (*Id.*)

Subsequently, the DON filed a Motion to Dismiss for Improper Venue. (Doc. 13.) Plaintiff opposed the Motion (Doc. 11) and DON filed a Reply (Doc. 21).

**LEGAL STANDARD**

Under Rule 12(b)(3), a party may assert by motion the defense of improper venue. Fed. R. Civ. P. 12. When ruling on a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448-49 (5th Cir. 2008). Rule 12(b)(3) permits the court to look at all evidence in the record "beyond simply those facts alleged in the complaint and its proper attachments." *Lighthouse MGA, L.L.C. v. First Premium Ins. Grp., Inc.*, 448 F. App'x 512, 514 (5th Cir. 2011).

---

[1] In 2002, Plaintiff filed a similar suit in this Court. *Campbell v. England*, 2005 WL 1400465 (E.D. La. June 3, 2005); *Campbell v. England*, 234 F. App'x 183 (5th Cir. 2007). The prior suit was finalized in 2007. (*Id.*)

**LAW AND ANALYSIS**

I.  *Arguments of the Parties*

Defendant argues that venue is improper because the alleged discrimination and retaliation occurred in Mississippi, the records pertaining to Plaintiff are not maintained in Louisiana, administrative complaints for the DON are handled in Florida, and Plaintiff applied for two positions located in Mississippi. On the other hand, Plaintiff avers that because the Court previously exercised jurisdiction in a case between the same plaintiff and defendant than this Court should find that venue is proper. Plaintiff further argues that because the naval command is partially located in New Orleans, that witnesses may come from New Orleans, and that naval administration personnel are located in New Orleans then this Court should retain jurisdiction.

II.  *Plaintiff Has The Burden to Establish Proper Venue*

Great deference is given to plaintiffs choice of forum and the choice "should rarely be disturbed." *City of New Orleans Employees' Ret. Sys. ex rel. BP P.L.C. v. Hayward*, 12-20019, 2013 WL 174251 (5th Cir. 2013) (quoting *Gulf Oil Corp. v. Gilbert*, 67 S.Ct. 839, 91 (1947)). On the other hand, "a citizen's forum choice should not be given dispositive weight." *Piper Aircraft Co. v. Reyno*, 102 S. Ct. 252, 266 (1981).

When venue is challenged under Rule 12(b)(3), district courts in the Fifth Circuit have been inconsistent in allocating the burden of proof. *See Uviado, LLC v. United States*, 755 F. Supp. 2d 767, 779 n.7 (S.D. Tex. 2010) (acknowledging the split in authority); *Ross v. Digioia*, No. 11-1827,

2012 WL 72703, at *2 n.4 (E.D. La. Jan. 10, 2012) (same).  Recent courts in this district have concluded that "the better view" is to place the burden on the plaintiff to prove that the selected venue is proper. *Claimserviceprovider, Inc. v. St. Paul Travelers Companies Inc.*, No. 06-2475, 2006 WL 2989240, at *3 (E.D. La. Oct. 18, 2006); *see also Summer v. Kenton, OH Policea*, No. 11–3162, 2012 WL 1565363, at *4 (E.D. La. May 2, 2012); *Clemons v. WPRJ, LLC*, No. CIV.A. H-12-0334, 2013 WL 321665 (S.D. Tex. Jan. 28, 2013).  This Court follows and holds that Plaintiff bears the burden of establishing proper venue. *See also* 14D Wright, Miller, & Kane, Fed. Prac. & Proc. Juris., § 3826 (3d ed.) ("the position that probably represents the weight of judicial authority, is that, when an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue").

III.     Venue

Plaintiff filed a complaint for damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  (Doc. 1 at 1.)  Under Title VII, venue is proper in: (1) any judicial district where the alleged unlawful employment practice occurred; (2) in the judicial district where the relevant employment records are located; or (3) in the judicial district where the aggrieved party would have worked but for the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(f)(3).

In the present action, it is uncontroverted that the alleged acts of unlawful employment practices occurred in Mississippi and the positions that Plaintiff applied for were located in Mississippi. (Doc. 13-1 at 3-4.)  Accordingly, the only way that Plaintiff may establish venue in the

Eastern District is by showing that Plaintiff's relevant employment records are located within this district. The Court finds that Plaintiff fails to meet this burden.

Defendant asserts Plaintiff's records are maintained in Mississippi and the Equal Employment Opportunity Commission ("EEOC") administrative complaints are handled in the Human Resource Office in Florida. Defendant attaches two sworn declarations by DON employees that attest to this fact. (Doc. 13-2 at 1.) Defendant asserts the two sworn declarations establish that none of the records are located in Louisiana. (*Id*.) In opposition, Plaintiff asserts that because the records were maintained in Mississippi and the complaints were handled in New Orleans in the prior case, then the records and complaints are still likely handled there today. (Doc. 17 at 3.)

This Court finds the instant matter to be similar to *Do v. Tandy Corporation.* No. CIV.A. 93-3415, 1994 WL 90330 (E.D. La. Mar. 16, 1994). In *Do*, the court resolved a similar dispute on the location of the records based on sworn statements by an employee. *Id.* at *1. In *Do*, an employee testified that no records were maintained within this district. *Id.* at *2. Based on this testimony, the court found that venue was improper. *Id*. Similar to *Do*, Defendant's employee attests that no records are maintained within this district. Plaintiff's assertion that records were maintained here in 2002 is insufficient to defeat this testimony.

In the end, a "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). "Where relevant employment records are maintained and administered . . . should be

weighed by a District Court in evaluating the 'interest of justice' aspect of the motion to transfer." *Id.*  These considerations warrant a conclusion that venue in this district is improper.

IV.     *Transfer*

Because the Court finds that venue is improper the Court must look to Section 1406 for guidance*.  See* 28 U.S.C. § 1406(a); *See also Murray v. Plantation Mgmt. Co.*, No. Civ.A. 02-2181, 2002 WL 31553990, at *2 (E.D. La. Nov. 18, 2002) ("when a plaintiff selects an improper venue, courts may either dismiss or transfer the case pursuant to 28 U.S.C. § 1406(a)").   "[T]he presumption should be in favor of transfer as the normal procedure, [therefore] dismissal is only appropriate in unusual circumstances."  Wright and Miller: 14D Fed. Prac. & Proc. Juris. § 3827 (3d ed.).  Accordingly, "it is not surprising that in most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." *Id.*; *see also Herman v. Cataphora*, No. 12-497, 2012 WL 4210427, at *9 (E.D. La. Sept. 19, 2012) (transfer is appropriate under Section 1406(a) when transfer, as opposed to dismissal, is in the interest of justice).

This Court finds that it is in the interest of justice that the instant matter be transferred as opposed to dismissed.  Shelia Burgett ("Burgett"), the Supervisory Management Analyst at the Supervisor of Shipbuilding Gulf Coast of the DON, testifies that Campbell works in Pascagoula Mississippi (Jackson County, Mississippi); that the Human Resource Service Center Southeast, where Campbell's personnel, performance, and disciplinary records are located, is at Stennis Space

Center in Hancock County, Mississippi; that the positions that Campbell applied for were positions in Pascagoula, Mississippi (Jackson County, Mississippi); and that the selection process for these positions took place in Pascagoula, Mississippi (Jackson County, Mississippi). Both Hancock and Jackson County are located within the jurisdiction of the Southern District of Mississippi. Accordingly, this Court finds that transfer to the Southern District of Mississippi is appropriate and in the interest of justice.

## CONCLUSION

The matter before the Court is a Motion to Dismiss filed by the United States Department of Navy ("DON"). (Doc. 13.) For the following reasons the Motion is GRANTED and the instant matter is TRANSFERRED pursuant to 28 U.S.C. § 1406 to the Southern District of Mississippi for all further proceedings.

New Orleans, Louisiana on this 23rd day of July, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**